UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO PETERSON,

    Petitioner,                            Civil No. 04-72299-DT
                                               HONORABLE NANCY G. EDMUNDS
v.                                            UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER PERMITTING PETITIONER TO FILE AN AMENDED HABEAS PETITION, REINSTATING THE HABEAS PROCEEDINGS, ORDER THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.**

On November 2, 2005, this Court entered an opinion and order holding in abeyance the petition for writ of habeas corpus and administratively closing case, based on the fact that petitioner had failed to exhaust his third claim alleging that the prosecution failed to disclose that a witness had committed perjury with the state courts prior to filing his habeas petition. On December 16, 2005, petitioner filed a petition for writ of habeas corpus with this Court which deleted his third unexhausted claim. The Court construes this as a request by petitioner to amend his original habeas petition to delete his unexhausted claim and a request to reinstate his habeas petition on the Court's docket. For the reasons stated below, the motion to amend the habeas petition is **GRANTED**. The Court will also reinstate the habeas proceedings in this case. The

Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a responsive pleading to the petition and the Rule 5 materials within **sixty (60)** days of the Court's order.

A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999). Outright dismissal of this mixed petition would be error without affording petitioner the opportunity to amend the petition by striking any unexhausted claims as an alternative to dismissal. *Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000). Accordingly, petitioner will be permitted to delete his third claim from his original habeas petition and to file an amended habeas petition which contains only the claims that have been exhausted with the state courts.

The Court will also reinstate the habeas proceedings in this case. Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner has deleted his unexhausted claim from consideration, his petition is now ripe for consideration. Accordingly, the Court will order that the habeas petition be reinstated.

The Court will further order that the Clerk of the Court serve a copy of the

amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the amended habeas petition within sixty days of the Court's order. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will also order respondent to provide this Court with any Rule 5 materials that it has not already provided to the Court at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and

decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

## ORDER

Based on the foregoing, the motion to amend the habeas petition is **GRANTED.**

**IT IS FURTHER ORDERED** that the habeas proceedings in the above case are **REINSTATED** to the Court's active docket.

**IT IS FURTHER ORDERED** That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4